UNITED STATES BANKRUPTCY COURT
Northern District of Georgia

Filed in U.S. Bankruptcy Court
Northern District of Georgia
Vania S. Allen, Clerk

AUG - 1 2024

By: _____
Deputy Clerk

In Re:
Vinson Jermaine Fraley Sr.
c/o: 3641 Travelers Court
Snellville, Georgia 30039
Case No. 24-53705-jrs
Chapter 7
Judge James R. Sacca

## MOTION TO SEAL RECORDS

Comes now, Vinson Jermaine Fraley Sr., by special deposit and through his undersigned trustee, and respectfully moves this Honorable Court for an order sealing certain records in the above-referenced bankruptcy case. In support of this Motion, the Movant states as follows:

1. Background

1.1 Vinson Jermaine Fraley Sr., the Debtor in the above-captioned bankruptcy case, filed a Chapter 7 petition on 6/27/24.

1.2 The case is currently pending before Judge James R. Sacca.

1.3 The Debtor seeks to seal certain records to protect confidential information and to maintain privacy.

2. Request to Seal Records

2.1 The Debtor requests that the Court seal the following records:

  a. Birth Certificate ; Cusip Numbers and all derivatives accounts associated with the same

2.2 The reasons for sealing these records include:

  a. Protecting the Debtor's personal and financial information from public disclosure.

  b. Preventing any potential harm or prejudice to the Debtor

2.3 Sealing these records is consistent with the principles of confidentiality and privacy under applicable laws and bankruptcy procedures.

## 3. Legal Basis

3.1 The Bankruptcy Code and Federal Rules of Bankruptcy Procedure grant the Court authority to seal records in appropriate cases to protect privacy and confidentiality.

3.2 The Debtor has a legitimate interest in ensuring that sensitive personal and financial information is not publicly accessible.

## 4. Conclusion

4.1 Based on the foregoing, the Debtor respectfully requests that this Court enter an order sealing the specified records and directing that they not be made available to the public.

4.2 The Debtor also requests that the Court grant such other and further relief as may be just and proper.

Respectfully submitted,

Vinson Jermaine Fraley Sr.
3641 Travelers Court
Snellville, Georgia [30039]
(678) 437-2483
vfraley828@gmail.com
Trustee for Debtor
Vinson Jermaine Fraley Sr.

Date: 20th day of July 2024

I hereby certify that on ___22___ day of July 2024, a true and correct copy of the foregoing Motion to Seal Records was served upon the following parties by  first-class mail]:

Nancy J. Whaley
Suite 120, Trust Plaza Garden
303 Peachtree Center Avenue, N.E.
Atlanta, Georgia 30303

_____
Vinson Jermaine Fraley Sr.

Date: 20ᵗʰ day of July 2024

# VJF NETWORK RVOC LIVING TR

## Revocable Living Trust

I, VINSON JERMAINE FRALEY, presently of Snellville, Georgia, (the "Grantor") declare and make this revocable living trust (the "Living Trust"). This Living Trust will be known as: **VINSON JERMAINE FRALEY ESTATE** Revocable Living Trust.

## BACKGROUND:

A. The Grantor presently owns property (the "Property") as described in Schedule A.

B. The Grantor wishes to ensure that this Property and any income derived from this property is managed and eventually distributed according to the following terms:

## Trust Purpose

1. This Living Trust is created for the benefit of the Beneficiaries to ensure they are well provided for after the death of the Grantor, however during the lifetime of the Grantor, the interests of the Grantor will be considered primary and superior to the interests of the Beneficiaries. With this purpose, the primary asset management goal for this Living Trust will be the protection of the value of the Property. The secondary asset management goal for this Living Trust is to generate income and growth at a reasonable risk.

## Trustee

2. During their lifetime, and unless and until both become incapacitated, the primary trustee (the "Primary Trustee") of this living Trust shall be, Trustee #1: VINSON JERMAINE FRALEY SR., of Snellville, Georgia, and Trustee #2: *Nakisha B. Fraley* of *Snellville* Georgia. If a Primary Trustee dies or becomes incapacitated, the other Primary Trustee will continue as the sole Primary Trustee of this Living Trust.

3. In the event that both Primary Trustees as either dead or incapacitated, then Trustee #3: *Bondavyl McCall* (the "Successor Trustee") will serve as the acting Trustee of this Living Trust.

## Beneficiaries

4. Upon the death of the Grantor, the following individual(s) will comprise the beneficiaries (the "Beneficiaries") of this living trust:

   a. The residuary beneficiary, all offspring created through the body of VINSON JERMAINE FRALEY Sr., pf Snellville, Georgia; and

   b. Any heir or issue of those beneficiaries that is entitled to a benefit under this living trust in the place of any then deceased beneficiary.

VJF NETWORK RVOC LIVING TRUST
Page 2

### Assign and Convey Property of Living Trust

5.  VINSON JERMAINE FRALEY SR., as Grantor, has or will assign, convey, and deliver all of the rights, title and interest in the Property as described in Schedule A of this document as a gift and without consideration, to be held by this living trust.

### Amendment During Grantor's Lifetime

6.  At any time during the lifetime of the Grantor and while the Grantor is not incapacitated, the Grantor may, subject to the other provisions of this section, alter or amend this living trust on delivery to the acting trustee of a written instrument signed by the Grantor. Amendments may include, but are not limited to, the following:
    a.  The Grantor may change the number and identity of the Grantors, the Trustees, the Successor Trustees, or the Beneficiaries.
    b.  The Grantor may add or withdraw property from this living trust.
7.  This living trust may not be amended after the death of the Grantor.

### Revocation During Grantor's Lifetime

8.  At any time during the lifetime of the Grantor and while the Grantor's is not incapacitated, the Grantor may, subject to the other provisions of this section, revoking this living trust in its entirety on delivery to the acting trustee of a written instrument signed by the Grantor. In the event of such revocation: the remaining property will revert to the Grantor after all the debts and expenses attributable to the living trust have been paid.
9.  This living trust may not be revoked after the death of the Grantor.

### Distribution, During the Lifetime of the Grantor

10. During the lifetime of the Grantor and while the Grantor is not incapacitated, the acting trustee will distribute as much of the income and principle of the living trust to the Grantor as the Grantor may request. While the Grantor is incapacitated and no longer able to manage or continue to manage their own affairs, then the acting trustee may withhold or make payments out of the resources of this living trust of any amount that the acting trustee in their sole judgment deed appropriate for the maintenance, comfort, and welfare of the Grantor.

VJF NETWORK RVOC LIVING TRUST
Page 3

**Distributions Upon Death of the Grantor**

11. Upon the death of the Grantor, and after resolving all applicable legal debts and obligations of the Grantor, the acting trustee will expeditiously act to distribute the remaining property as directed in this section.

12. After resolving all applicable legal debts and obligations of the Grantor, the acting trustee will distribute the remaining property in this living trust in EQUAL shares (individually the "Share" and collectively the "Shares") to the following Beneficiaries:
    a. All offspring created through the body of Fraley, Vinson Jermaine of Snellville, Georgia.

13. Where a beneficiary is under the age of 21 years at the time of the Final Distribution, and that beneficiary is not an adult dependent beneficiary, the acting trustee will then act as trustee(s) by holding that share in a separate trust for that beneficiary under the same terms and conditions as outlined in this living trust, and will keep that share invested, pay the income or capital or as much of either or both as the then acting trustee(s), in their sole discretion, consider advisable for the maintenance, education, advancement or benefit of that beneficiary until that beneficiary reaches the age of 21 years whereupon th then acting trustee(s) will pay or transfer the rest and residue of that share to that beneficiary.

14. Where a beneficiary is an adult dependent beneficiary at the time of the final distribution, the acting trustee may, at their sole discretion:
    a. Continue to act as trustee(s) by holding the share of any adult dependent beneficiary in a separate trust, subject to the same terms and conditions contained in this living trust, and to keep that share invested, and pay the income or capital or as much of either or both as the then acting trustee(s) consider advisable for the maintenance, education, advancement or benefit of that adult dependent beneficiary; or
    b. Pay or transfer all capital, assets and property of that share or the amount remaining of that share of that adult dependent beneficiary subject to the same terms and conditions contained in this living trust and the receipt, by that parent, custodian or guardian will discharge all duties and obligations of the acting trustee.

15. If any of the named beneficiaries do not survive the Grantor by at least thirty (30) days but do leave an heir or issue who survives the Grantor by a least thirty (30) days, then the specific gift or the share designated for, that beneficiary, of whatever kind and character, and wherever located, will be distributed per stripes among those surviving heirs or issue. Where those surviving heirs or issue are not of the age of majority, the acting trustee may pay or transfer all capital, assets and property attributable to those minor heirs or issue of that beneficiary to any parent, custodian or guardian of those minor heirs or issue, subject to the same terms and conditions contained in this living trust, and the receipt by that parent, custodian or guardian will discharge all duties and obligations of the acting trustee.

VJF NETWORK RVOC LIVING TRUST

Page 4

16. If any of the residual beneficiaries do not survive the Grantor, by at least thirty (30) days and do not leave an heir or issue who survives the Grantor, then the share designated for that beneficiary will revert to the residue of this living trust.

17. If all of the successor beneficiaries do not survive the Grantor by at least thirty (30) days and do not leave an heir or issue who survives the Grantor by thirty (30) days, then all of the remaining property in the living trust, of whatever kind and character, and wherever located, will revert to title estate of the Grantor.

18. If any of the real property to be distributed in this living trust remains subject to a mortgage at any of the final distribution, then the beneficiary taking that mortgaged property will take property subject to those mortgages and the beneficiary will not be entitled to have the mortgage paid out or resolved from the remaining assets or residue of this living trust.

19. If any of the personal property to be distributed in this living trust is subject to any encumbrances or liens at the time of the final distribution, then the beneficiary taking that property will take that property subject to those encumbrance or liens paid out or resolved from the remaining assets or residue of this living trust.

## Trustee Bond

20. Subject to the laws or the Universe and any other applicable jurisdiction, no bond or security of any kind will be required of any trustee appointed in this living trust.

## Trustee Liability

21. The trustee will not be liable to this living trust, the Grantor or to the beneficiaries for any action or failure to act resulting in loss or harm to this living trust, the Grantor or to the beneficiaries except in the case of gross negligence, willful misconduct, or reckless indifference to the purposes of the trust or the interests or the beneficiaries. A trustee will only be responsible for his or her own acts and no trustee will be liable for any act or actions occurring in the periods before or after the tenure of that trustee. Any outstanding liabilities of a dead, resigning or removed trustee are not discharged or affected by the trustee's death, resignation, or removal.

## Trustee Death or Resignation

22. A trustee may resign at any time for any reason upon at least thirty (30) days' notice to the Grantor. If the Grantor is still alive, to any remaining trustee, if there are any, and to the qualified beneficiaries. If a trustee dies, that trustee will cease to be a trustee as of the date of their death.

VJF NETWORK RVOC LIVING TRUST
Page 5

### Trustee Removal

23. During the lifetime of the Grantor, and unless and until the Grantor becomes incapacitated, with no trustee, a replacement trustee may be appointed the Grantor may remove a trustee for any reason or for no reason at the sole discretion of the Grantor.
24. After the death of the Grantor, the qualified beneficiaries may, by unanimous vote or all or the qualified beneficiaries, remove a trustee for any reason or for no reason at the sole discretion of the qualified beneficiaries.
25. At any time after the death or disability of the Grantor, a trustee or a beneficiary may apply to a court of competent jurisdiction to remove a trustee. A trustee may also be removed by the court on the court's own initiative.

### Trustee Replacement

26. At any time where the Grantor is alive and not incapacitated and not where a trustee has been removed, died, resigned or is not longer able to act as trustee for any reason, a replacement trustee may be appointed by the Grantor.
27. Where the Grantor is dead or incapacitated, and where a trustee has been removed, died, resigned or is not longer able to act as trustee for any reason, and where a replacement trustee is deemed necessary by the remaining acting trustee, a replacement trustee may be appointed by majority vote of all acting trustee still able and authorized to act.
28. Where the Grantor is dead or incapacitated, and where the living trust is left with no trustee, a replacement trustee may be appointed by a unanimous vote of the qualified beneficiaries.

### Trustee Powers

29. Powers granted to an acting trustee of this living trust include, but not limited to, the following:
    a. The trustee will have the same rights and obligations to manage the property as if the trustee were the owner of the property.
    b. After the death of the Grantor, the trustee will have the power to appoint one or more individual or institutions to act as a co-trustee where it is deemed reasonable and in the best overall interest of this living trust.
    c. The trustee may employ and rely on the advice of experts including, but not limited to, legal counsel, accountants, and investment advisors to help in the management of the property where that hiring is deemed reasonable and in the best overall interest of this living trust.
    d. The trustee may retain, exchange, insure, repair, improve, sell, or dispose of any and all personal property belonging to this living trust as the trustee deems reasonable and in the best overall interest of this living trust, without liability for loss or depreciation.

VJF NETWORK RVOC LIVING TRUST
Page 6

e. The trustee may invest, manage, lease, rent, exchange, mortgage, sell, dispose of or give options without being limited as to terms and to insure, repair, improve, or add to or otherwise deal with any and all real property belonging to this living trust as the trustee deems reasonable and in the best overall interest of this living trust, without liability for loss or depreciation.

f. The trustee may maintain, continue, dissolve, change or sell any business which is part of this living trust, or purchase any business on behalf of this living trust, as the trustee deems reasonable and in the best interest of this living trust.

g. The trustee may purchase, maintain, covert and liquidate investments or securities, at reasonable risk, and for the purpose of generating income and growth, and vote stock in person or by proxy, or exercise any option concerning any investments or securities, as the trustee deems reasonable and in the best overall interest of the this living trust, without liability for loss or depreciation.

h. The trustee may open or close bank accounts wherever reasonable and in the best interest of this living trust.

i. The trustee may invest and reinvest the assets of this living trust, at reasonable risk, for purpose of generating income and growth, as the trustee deems reasonable and in the best overall interest of this living trust, without liability for loss or depreciation.

j. The trustee may hold un-invested cash and unproductive property where it is reasonable and in the best interest of this living trust to do so including, but not limited to, for the purpose of protecting the capital and principle of this living trust.

k. The trustee may lend funds to any borrower where the loan is adequately secured by sufficient collateral and where the loan is reasonable and in the best overall interest of this living trust.

l. The trustee may borrow funds from any lender and mortgage or otherwise encumber any asset belonging to this living trust where the loan is reasonable and in the best overall interest of this living trust.

m. The trustee may maintain, settle, abandon, sue or defend, or otherwise deem with any claim where it is reasonable and in the best interest of the living trust to do so.

n. Where there are no other resources available, and where the trustee is compelled to do so, the trustee may resolve any legally enforceable debts, taxes, reasonable funeral expenses, and any expenses related to the final illness of the Grantor out of the resources of this living trust.

o. The trustee may make the final distribution in any combination of cash and property. Property selection and valuation in the course of final distribution will be made in the good faith discretion of the trustee and will be binding on all beneficiaries.

VJF NETWORK RVOC LIVING TRUST
Page 7

30. It is incumbent on the trustee to act as fiduciaries, in good faith and in the best interest of title living trust.
31. All decisions of the acting trustee, made in good faith, regarding the management of this living trust will be final and binding on all parties.
32. The above authority and powers granted to the trustee are addition to any powers and elective rights conferred by state or federal law or by other provisions of this living trust may be exercised as often as required, and without application to or approval by any court.

## Trustee Compensation

33. Any trustee who is not a beneficiary of this living trust will receive reasonable compensation out of the resources of this living trust for services rendered. A trustee who is also a beneficiary under this living trust will serve without compensation.

## Trustee Expenses

34. A trustee is entitled to be reimbursed out of the income and property of this living trust for any and all expenses, including interest where appropriate, where the expense is reasonably and properly incurred in the management of this living trust.

## Spendthrift Clause

35. No beneficiary of this living trust will have the power to transfer, sell, assign, or otherwise encumber any assets or property held by this living trust prior to the final distribution by the acting trustee. Similarly, the right of distribution held by any beneficiary under the living trust agreement will not be subject to judicial encumbrance prior to the final distribution by the acting trustee.

## Tax Identification

36. For tax purposes, this Revocable Living Trust will be identified by the Employer Identification Number: 99-xxxxxxx during the lifetime of title Grantor, along with Social Security Number: xxx-xx-1975 if necessary to identify Grantor.

## Homestead Tax Exemption

37. The principal residence of the Grantor is held within this Revocable Living Trust, the Grantor maintains the right to possess and inhabit the residence without rent and charge-free, for the duration of their lifetime. This is intended for the purpose of giving the Grantor a beneficial interest and possessor rights in the residence and to ensure that the Grantor does not lose any eligibility for a state homestead tax exemption that they would otherwise qualify for.

VJF NETWORK RVOC LIVING TRUST

Page 8

## Vote of Minor or Adult Dependent Beneficiaries

38. Where a beneficiary is a minor or adult dependent beneficiary and a vote, consent, or decision or the qualified beneficiaries is required, then the parent, custodian or guardian for that minor or adult dependent beneficiary, acting in the best interest of that minor or adult dependent beneficiary, will be allowed to take the place of that minor or adult dependent beneficiary for the purpose of that vote, consent, or decision.

## Termination of Trust

39. This living trust will terminate where the property of this living trust is exhausted through distributions.
40. In the event that the acting trustee concludes that the value of the property is insufficient to justify the cost of administration and that the aggregate value of the property is less than the value of land resource value the acting trustee may terminate this living trust after providing notice to the qualified beneficiaries, where this living trust is terminated under this section, the acting trustee will distribute the property in an manner consistent with and as described in the distributions sections of this living trust.

## Abstract of Trust

41. The acting trustee may execute an abstract or this living trust (the "Abstract of Trust") and may present the Abstract of Trust to a financial institution as proof of the existence of this living trust. The Abstract of trust should not contain full details of the property holdings of the living trust nor should it name all of the beneficiaries or the living trust. Any person who is presented with an Abstract of Trust with regard to this living trust will be held harmless for relying on the Abstract of Trust.

## Governing Law

42. This living trust will be governed in accordance with the laws of the Universe as its highest and the laws of equity at its lowest.

## Severability

43. If any provisions of this living trust are deemed unenforceable, the remaining provisions will remain in full force and effect.

VJF NETWORK RVOC LIVING TRUST
Page 9

## Definition

44. For the purpose of this living trust the following definitions will apply:
    a. "Acting Trustee" means any trustee who is currently serving as a trustee of this living trust.
    b. "Adult Dependent Beneficiary" means an adult beneficiary who is unable to manage their own financial affairs by reason of mental or disability.
    c. "Age of Majority" means the age of majority of the jurisdiction where a beneficiary ordinarily resides.
    d. "Incapacity" or "incapacitated" means when a person is unable to manage their own financial affairs by reason of mental or other disability.
    e. "Minor Beneficiary" means a beneficiary who is under the legal age of majority.
    f. "Trustee" means any primary trustee or successor trustee as well as any replacement or additional trustee appointed for this living trust.
    g. "Qualified Beneficiary" means any beneficiary that is then entitled to a benefit under this living trust.

IN WITNESS WHEREOF, the parties hereto have signed their names on this fifth moon, second quarter, 5th day of weekday I Snellville, Georgia, declaring and publishing this instrument as the Grantor's Living Trust, in the presence of the undesigned witnesses, who witnessed and subscribed to this living trust in the presence of the parties hereto. SIGND AND DECLARED by the above parties on the ___8___ day of May 2024 to be the Grantor's Living Trust, in my present at the time, have signed my name as witness.

Executed without the UNITED STATES.

We declare under penalty of perjury under the laws of the united states of America that the foregoing is true and correct. Without Prejudice Georgia Code 11-1-308

Witness: _____ (17CV0484)

Witness: _____

Witness: _____

VJF NETWORK RVOC LIVING TRUST
Page 10

We certify that the foregoing is true, correct and is not misleading. The truth, the whole truth and nothing but the truth. Deuteronomy 19:15-21 "One witness shall not rise up against a man for any iniquity, or for any sin, in any sin that e sinneth: at the mouth of two witnesses, or at the mouth of three witnesses shall the matter be established." 1 Timothy 6:17 "Charge them that are rich in this world, that they be in uncertain riches, but in the living God YAHWEH, who giveth us richly all things to enjoy." Exodus 31:3 "And I have filled him with the spirit of God YAHWEH, in wisdom, and in understanding, and in knowledge, and in all manner of workmanship.

## SCHEDULE A

The Grantor assigns, conveys and delivers to this living trust, all of the rights, title and interest, tangible or intangible, to any and all properties, real or personal:

1. All tangible and intangible assets of the VINSON JERMAINE FRALEY (including all derivations of the name/title) along with VJF NETWORK RVO LIVING TR TRUST.
2. Any and all intellectual property created in both the past, present, or future in the name VINSON JERMAINE FRALEY, along with VJF NETWORK RVOC LIVING TR TRUST.
3. Specifically the STRAWMAN BIRTH CERTIFICATE as an asset.

**NOTARY PAGE IN THE UNITED STATES UNDER PENALTY OF PERJURY U.S. PERSON IDENTIFICATION.**

VINSON JERMAINE FRALEY, GRANTOR ALL RIGHTS RESERVED AND RETAINED

Beneficiary, vinson jermaine: fraley

**Notice:** Using a notary on this document does not constitute any adhesion, nor does it alter my status in any manner. The purpose for notary is verification and identification only and not for entrance into any foreign jurisdiction, a benefit for minors and the incompetent whom I anticipate may become knowledgeable in the truth for the law by our forefathers/foremothers and rise, so they will no longer be alienated from their true culture and Creator.

## JURAT

DeKalb _____ **County**                              )

                                                       )  **ss.**

**Georgia State**                                      )

Subscribed and affirmed before me this 8th day of May month in the year, Two Thousand Twenty-Four A.D.

Kim L. Glasgo

My Commission Expires: 10/21/2024

23000273-1



# United States of America

## DEPARTMENT OF STATE

### *To all to whom these presents shall come, Greetings:*

I Certify That the document hereunto annexed is under the Seal of the State(s) of North Carolina, and that such Seal(s) is/are entitled to full faith and credit.*

*\*For the contents of the annexed document, the Department assumes no responsibility*
*This certificate is not valid if it is removed or altered in any way whatsoever*

In testimony whereof, I, Antony J. Blinken, Secretary of State , have hereunto caused the seal of the Department of State to be affixed and my name subscribed by the Assistant Authentication Officer, of the said Department, at the city of Washington, in the District of Columbia, this twelfth day of October, 2022.

*Issued pursuant to CHXIV, State of Sept. 15. 1789, 1 Stat. 68-69: 22 USC 2657: 22USC 2651a: 5 USC 301: 28 USC 1733 et. seq.: 8 USC 1443(f); RULE 44 Federal Rules of Civil Procedure.*

*Antony J Blinken*
Secretary of State

By *Kenneth W Kimick*
Assistant Authentication Officer.
Department of State



# STATE OF NORTH CAROLINA

### Department of The Secretary of State

---

## CERTIFICATE OF AUTHENTICATION

I, **ELAINE F. MARSHALL, SECRETARY OF STATE** of the State of **NORTH CAROLINA** do hereby certify that **MAUREEN P. PURCELL** was **REGISTER OF DEEDS** of **IREDELL** County, North Carolina on the **19th day of July, 2022.** And as such Register of Deeds had legal custody of the Records for said County. I further certify that **W. LANE SANDS** was duly appointed **DEPUTY REGISTER OF DEEDS** of **IREDELL** County, North Carolina, and that as such **DEPUTY REGISTER OF DEEDS** had authority to sign instruments and documents in the name of the Register of Deeds **IREDELL** County. I further certify that the signature appearing on the attached certificate is recognized as the genuine signature of **W. LANE SANDS, DEPUTY REGISTER OF DEEDS** and genuine seal of **Maureen P. Purcell,** Register of Deeds of **IREDELL** County, **NORTH CAROLINA.**

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official seal.

DONE IN OFFICE at Raleigh, this the **17th day of August, 2022**.

by: *William W. Toole*

**William W. Toole**
*Deputy Secretary of State*

*Elaine F. Marshall*

*Secretary of State*

08 17, 2022 09:37 a52p52 Certificate #16659
Verify issuance of this Certificate at sosnc.gov/verify

I, the heir to the decendent's estate attached herewith, do accept as grantee and return delivery on special deposit to redeem said estate for all debts, life

maintenance and support and do rely faithfully on trustee to update my status accordingly. This i make oath and affirm that i am the sole exclusive heir beneficiary to said estate and do provide my seal as a mark of my intent to be forever redeemed, so help me God.

VINSON FRALEY

3641 TRAVELERS Court

Snellville, Georgia [30039]

CLEARED SECURITY
AUG 07 2024
U.S. MARSHALS SERVICE
Atlanta, Georgia

Retail

U.S. POSTAGE PAID
FCM LG ENV
ATLANTA, GA 30304
JUL 22, 2024

UNITED STATES
POSTAL SERVICE®

30303

$2.31

RDC 99

S2324D500406-32

United States Bankruptcy Court

ATTN: Office of the Clerk

75 TED Turner Drive

Atlanta, Georgia [30303]