UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 24-53705-JRS |
| | : | |
| VINSON JERMAINE FRALEY, SR., | : | CHAPTER 7 |
| | : | |
| Debtor. | : | |
| | : | |

**TRUSTEE'S APPLICATION FOR APPOINTMENT OF ATTORNEYS**

COMES NOW S. Gregory Hays, as Chapter 7 Trustee ("**Trustee**" or "**Applicant**") for the bankruptcy estate (the "**Bankruptcy Estate**") of Vinson Jermaine Fraley, Sr. ("**Debtor**"), and files *Trustee's Application for Appointment of Attorneys* (the "**Application**"). In support of the Application, Trustee respectfully shows the Court the following:

**Introduction**

It is Trustee's business judgment that he needs to employ counsel in this matter. In this regard, Trustee requests authority to employ counsel to provide legal services to him regarding: liquidation of assets, including the valuation and possible liquidation of Debtor's interest in real property located at 1240 Rolling Lane Statesville (Iredell County) NC 28677 (the "**Rolling Lane Property**"), 3641 Travelers Court, Snellville, GA 30039 (the "**Travelers Court Property**"), and at 0 Monroe Street (Iredell County), Statesville, NC 28677 (the "**Monroe Street Property**" and, together with the Rolling Lane Property and the Travelers Court Property, the "**Properties**"); identifying and evaluating legal issues and strategies related to potential claims that can be pursued by the Bankruptcy Estate; legal issues related to any possible avoidance actions available to the Bankruptcy Estate, including drafting and prosecuting all related pleadings, motions, and papers; legal issues relating to Trustee's duty to "collect and reduce to money" property of the Bankruptcy

Estate, in accordance with applicable principles of Georgia law and the Bankruptcy Code; and analysis of legal issues regarding claims and prosecution of contested matters regarding claims, if and when directed to take place by Trustee.

## Jurisdiction and Venue

1.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409(a).

## Background Facts, Available Assets, and Relief Requested

### a. General Facts

2.

Debtor initiated the underlying bankruptcy case (the "**Case**" or "**Bankruptcy Case**") by filing a voluntary petition for relief under Chapter 13 of Title 11 of the United States Code (the "**Bankruptcy Code**") on April 11, 2024 (the "**Petition Date**"). On June 27, 2024, the Court entered an Order [Doc. No. 55] denying confirmation and converting the Case to Chapter 7.

3.

Trustee was thereafter appointed and remains the duly acting Chapter 7 trustee in this Case.

4.

Upon Debtor's filing his voluntary bankruptcy petition, the Bankruptcy Estate was formed, and it includes all of Debtor's legal or equitable interests in property as of the commencement of the Bankruptcy Case. *See* 11 U.S.C. § 541(a)(1). Trustee is the sole representative of the Bankruptcy Estate. 11 U.S.C. § 323.

*b. Available Assets*

5.

On April 24, 2024, Debtor filed his schedules of assets and liabilities [Doc. No. 22] (the "**Schedules**") together with his Statement of Financial Affairs [Doc. No. 22] (the "**SOFA**").

6.

On his Schedule A/B, Debtor listed the Rolling Lane Property with a value of $140,000.00 and listed the Travelers Court Property with a value of $415,000.00. On his Schedule D, Debtor indicated that Flagstar Bank has a secured claim against the Travelers Court Property in the amount of $279,000.00 and that PHH Mortgage has a secured claim against the Rolling Lane Property in the amount of $39,600.00. U.S. Bank Trust Co. c/o PHH Mortgage has filed Proof of Claim No. 12-1 in the amount of $28,022.70. Flagstar Bank has filed Proof of Claim No. 11-1 I the amount of $258,586.43. Debtor did not list ownership of the Monroe Street Property. Based on Trustee's research, the Travelers Court property is co-owned by Debtor and his wife.

*c. Employment of Counsel*

7.

To administer this Case in a proper, efficient, and economical manner, Trustee requires the services of legal counsel, and he wishes to employ the firm Rountree Leitman Klein & Geer, LLC ("**RLKG**") to act as his attorneys in this case. Indeed, because Trustee is not an attorney in his capacity as trustee, it is imperative that Trustee employ counsel to assist him with the numerous legal tasks that will arise in this matter. *See* 11 U.S.C. § 327(a) (stating that trustees may employ attorneys "to represent or *assist the trustee in carrying out the trustee's duties* . . . ." and providing no other basis to employ attorneys) (emphasis added); *In re Abraham*, 163 B.R. 772, 783 (Bankr.

3

W.D. Tex. 1994) (stating "trustees are not attorneys (not even when it is an attorney functioning as the trustee).").

8.

The members and associates of RLKG are admitted to practice in this Court, have knowledge and experience in bankruptcy practice, and are well qualified to represent Trustee in this matter. Attached as Exhibit "A" is the Rule 2014 Verification of RLKG.

9.

The current hourly billing rates of attorneys and paralegals who may render services in the Case follow:

| Attorney: | Standard Hourly Rate: |
|---|---|
| William A. Rountree | $595.00 |
| Will B. Geer | $595.00 |
| Michael J. Bargar | $535.00[1] |
| Hal Leitman | $495.00 |
| David S. Klein | $495.00 |
| Alexandra Dishun | $425.00 |
| Ceci Christy | $425.00 |
| William D. Matthews | $425.00 |
| Elizabeth Childers | $395.00 |
| Caitlyn Powers | $325.00 |

| Paralegals: | Standard Hourly Rate: |
|---|---|
| Elizabeth A. Miller | $250.00 |
| Megan Winokur | $175.00 |
| Lisa Lawson | $175.00 |
| Catherine Smith | $150.00 |

---

[1] In the exercise of its billing judgment, RLKG has voluntarily reduced Mr. Bargar's hourly rate from $535.00 to $515.00 per hour. Depending on the complexities that arise in this matter, it reserves the right to request his actual hourly rate.

4

Depending on need for particular experience or the exigencies of the Case, other attorneys may also provide services. The above rates may be increased during the term of the proposed employment or if so awarded by the Court and if approved by Trustee. *See, e.g., Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292, 1302 (11th Cir. 1988) (stating, "[i]n this circuit, where there is a delay the court should take into account the time value of money and the effects of inflation and generally award compensation at current rates rather than at historic rates.").

10.

Specifically, Trustee requests authority to employ counsel to provide legal services to him regarding: legal issues related to liquidating the interest of the Bankruptcy Estate in the Properties in accordance with principles of Georgia law and the Bankruptcy Code; and analysis of legal issues regarding claims and prosecution of contested matters or regarding claims, if and when directed to take place by Trustee.

11.

The professional services, for which it is necessary that an attorney act, may also include:

(a) Preparation of pleadings and motions and conducting of examinations incidental to the administration of the Bankruptcy Estate;

(b) Legal services incidental to preservation and disposition of assets;

(c) Investigation, analysis, and appropriate legal action, if required, relative to any preference, fraudulent transfer, unperfected security interest, improper disposal of assets, prosecution of the Bankruptcy Estate's claims, or pending litigation;

(d) Any and all other necessary legal actions incident to the proper preservation and administration of the Bankruptcy Estate.

12.

Based on all of the above, it is Trustee's business judgment that he should employ RLKG to assist him in this matter. *See e.g., McConnell*, 2021 WL 203331, at * 15 (Bankr. N.D. Ga. January 4, 2021) (Bonapfel, J.) (stating "trustees exercise discretion in the administration of estates, and bankruptcy courts properly defer to their business judgment in determining how to perform their duties."). The issue in this regard is whether a trustee "acts with requisite care, disinterestedness, and good faith in the effort to maximize value—rather than whether this or any other court would necessarily make the same business decision, on the one hand, or seek to maximize value in a different way, on the other." *In re Global Crossing, Ltd.*, 295 B.R. 726, 744 at FN 58, (Bankr. S.D.N.Y. 2003).

13.

In addition to the necessary legal tasks that will arise in this matter (as discussed in detail above), there are other very good business reasons that justify Trustee's employing counsel, including the fact that RLKG carries E&O coverage that will insulate the Bankruptcy Estate against claims for damage in the event something unfortunately goes awry in this matter.

14.

To the best of Trustee's knowledge, said firm's acting as attorneys in this case will be in the best interest of the Bankruptcy Estate, Debtor, creditors, and all other parties in interest. To the best of Applicant's knowledge, and except as otherwise disclosed herein and in the Bankruptcy Rule 2014 Verification of Michael J. Bargar, the firm has no connection with Debtor, his creditors, any party in interest in this case, their attorneys and accountants, the United States Trustee, or any person employed in the Office of the United States Trustee. Said firm does not hold or represent an interest adverse to the estate, does not represent any creditor or other known interested party,

and is a disinterested person under 11 U.S.C. § 327(a), as that term is defined in 11 U.S.C. § 101(14). Disclosure is made, however, that Michael J. Bargar, a partner of RLKG, has been appointed by the United States Trustee for Region 21 to act as a panel trustee in the United States Bankruptcy Court, Northern District of Georgia, Atlanta Division. As a result, employees of RLKG regularly communicate with employees of the Office of the United States Trustee. Disclosure is also made that RLKG represents Trustee in other unrelated matters as special or general counsel.

15.

To expedite the marshalling and protecting of the Bankruptcy Estate's assets, RLKG has already performed certain legal services for the Bankruptcy Estate or plans to perform such services, which may be rendered prior to the signing of any order resulting from this Application.

16.

Trustee proposes that RLKG be compensated for its services in accordance with future orders of the Court based upon the criteria for professional compensation required by bankruptcy law. No compensation will be paid by Trustee to said law firm except upon application to and approval by the Court after notice and hearing as required by law.

WHEREFORE, Trustee prays that Trustee be authorized to employ RLKG as his attorney in this Case and that the Court grant such other and further relief deemed just and proper.

Respectfully submitted this 15th day of August, 2024.

_____
S. Gregory Hays
Chapter 7 Trustee

Hays Financial Consulting, LLC
2964 Peachtree Rd, NW, Suite 555
Atlanta, GA 30305
(404) 926-0060

Respectfully submitted this 16th day of August, 2024.

*Proposed Attorneys for Trustee*:

ROUNTREE LEITMAN KLEIN & GEER, LLC

By: */s/ Michael J. Bargar*
    Michael J. Bargar
    Georgia Bar No. 645709
    mbargar@rlkglaw.com

Century Plaza I
2987 Clairmont Road, Suite 350
Atlanta, Georgia 30329
404-410-1220

## EXHIBIT "A"

## RULE 2014 VERIFICATION WITH REGARD TO
## EMPLOYMENT OF ATTORNEYS

The undersigned hereby declares under penalty of perjury:

1. I am a partner with the law firm of Rountree Leitman Klein & Geer, LLC, with offices at Century Plaza I, 2987 Clairmont Road, Suite 350, Atlanta, GA 30329 (the "**Firm**" or "**RLKG**").

2. S. Gregory Hays, as Chapter 7 Trustee ("**Trustee**") in the bankruptcy case of Vinson Jermaine Fraley, Sr. (the "**Debtor**"), has asked the Firm to represent him as Trustee in this case.

3. To the best of my knowledge, the Firm has no connection with the Debtor, his creditors, any party in interest in this case, their attorneys and accountants, the United States Trustee, or any person employed in the Office of the United States Trustee. Said Firm does not hold or represent an interest adverse to the estate, does not represent any creditor or other known interested party, and is a disinterested person under 11 U.S.C. § 327(a), as that term is defined in 11 U.S.C. § 101(14). Disclosure is made, however, that Michael J. Bargar, a partner of the Firm, has been appointed by the United States Trustee for Region 21 to act as a panel trustee in the United States Bankruptcy Court, Northern District of Georgia, Atlanta Division. As a result, employees of RLKG regularly communicate with employees of the Office of the United States Trustee. In addition, RLKG represents S. Gregory Hays, in his capacity as trustee in unrelated matters.

4. The Firm will not expect nor receive any compensation from the estate except upon application to and approval by the Bankruptcy Court after notice and hearing.

Dated this 16th day of August, 2024.

By: */s/ Michael J. Bargar*
Michael J. Bargar
Georgia Bar No. 645709

## CERTIFICATE OF SERVICE

This is to certify that I have this day served the foregoing *Trustee's Application for Appointment of Attorneys* by depositing in the United States mail a copy of same in a properly addressed envelope with adequate postage affixed thereon to assure delivery by first class mail to the following entities at the addresses stated:

Office of the United States Trustee
362 Richard B. Russell Building
75 Ted Turner Drive, SW
Atlanta, GA 30303

Vinson Jermaine Fraley, Sr.
3641 Travelers Court
Snellville, GA 30039

This 16th day of August, 2024.

/*s/ Michael J. Bargar*
Michael J. Bargar
Georgia Bar No. 645709