FILED IN CLERK'S OFFICE
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT
OF GEORGIA

2026 SEP 30 P 2:03

VANIA S. ALLEN
CLERK
BY: DEPUTY CLERK

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF GEORGIA**

**ATLANTA DIVISION**

In re:

VINSON JERMAINE FRALEY SR.,

Debtor.

Case No. 24-53705-JRS | Chapter 7

VINSON JERMAINE FRALEY SR. and

NATASHA TAMARA BROWN FRALEY,

Movants.

## MOTION TO EXTEND AUTOMATIC STAY TO SURETY

COMES NOW Vinson Jermaine Fraley Sr., the debtor in the above-captioned bankruptcy case, and Natasha Tamara Brown Fraley, a surety on the debt underlying a State Court action, by and through Vinson Jermaine Fraley Sr., pro se, and respectfully moves this Court for an order extending the automatic stay to Natasha Tamara Brown Fraley as a surety, and in support thereof state as follows:

### I. FACTS

1. The debtor filed a voluntary petition under Chapter 13 on April 11, 2024. The case was later converted to Chapter 7. The case remains pending.

2. The debtor listed The Credit Union Loan Source, LLC d/b/a Cinch Auto Finance ("Cinch") as a creditor in his bankruptcy schedules.

3. Natasha Tamara Brown Fraley is a co-signer on the underlying vehicle loan. She is a surety, not the principal debtor.

4. Cinch repossessed the vehicle and sold it. Cinch then filed a State Court action (Civil Action No. 25-C-08962-S3) against both the debtor and Natasha Tamara Brown Fraley, seeking a deficiency balance.

5. Cinch later removed the debtor from the State Court action and is now proceeding solely against Natasha Tamara Brown Fraley, a surety, in an attempt to evade this Court's jurisdiction and vex the surety separately.

6. The principal debt is under this Court's jurisdiction. The surety's liability is derivative of the principal debt.

## II. ARGUMENT

7. The automatic stay under 11 U.S.C. § 362(a) protects the debtor and the debtor's property. While the stay does not automatically extend to non-debtors, this Court has the equitable power to extend the stay to a surety in appropriate circumstances. See A.H. Robins Co. v. Piccinin, 788 F.2d 994 (4th Cir. 1986); In re Chateaugay Corp., 10 F.3d 944 (2d Cir. 1993).

8. The surety, Natasha Tamara Brown Fraley, is entitled to the protection of the stay because any judgment against her will have an immediate adverse economic consequence on the debtor's estate. If Cinch obtains a judgment against the surety, the surety will seek indemnification from the debtor, creating a claim against the estate that would interfere with the debtor's fresh start.

9. Equity will not suffer a surety to be vexed while the principal debt is under the prior court's hand. The maxim Accessorius sequitur principale governs.

## III. PRAYER

WHEREFORE, Movants respectfully pray that this Court:

(a) Extend the automatic stay to Natasha Tamara Brown Fraley, a surety;

(b) Stay all State Court proceedings against her in Civil Action No. 25-C-08962-S3;

(c) Declare any State Court judgment against her to be void;

(d) Grant such other and further relief as is just and proper.

Respectfully submitted this 30 day of September, 2026.

Vinson J. Fraley Sr.

Vinson Jermaine Fraley Sr.
Pro Se Debtor
3641 Travelers Court
Snellville, GA 30039
Without Prejudice • All Rights Reserved

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this Motion was served upon The Credit Union Loan Source, LLC d/b/a Cinch Auto Finance and Lefkoff, Rubin, Gleason, Russo & Smith, P.C., by Certified Mail on this 30 day of September, 2026.

Vinson Jermaine Fraley Sr.